UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ERMA JEAN DENNIS, Individually and on
behalf of the Wrongful Death Beneficiaries of
Lillie Mae Dennis, Deceased                                                    PLAINTIFF

VS.                                         CIVIL ACTION NO. 2:07cv00001-DPJ-MTP

NATIONAL RAILROAD PASSENGER CORPORATION, et al.          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion for summary judgment filed by Defendant the city of Laurel, Mississippi.  The Court, having considered the memoranda and submissions of the parties, along with the pertinent authorities, concludes that Defendant's motion is well taken and should be granted.

**I.      Facts/Procedural History**

On January 19, 2005, Lillie Mae Dennis was struck and killed by a passing train at the Ash Street pedestrian railroad crossing in Laurel, Mississippi.  According to the Complaint, Ms. Dennis became entangled in poorly maintained pavement on the crossing and could not free herself before the train arrived.  A wrongful death suit was filed in the Circuit Court of Jones County, Mississippi, which Defendants removed to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1349.  The suit alleges that the city of Laurel, Mississippi, was responsible for the subject pedestrian designated crosswalk, which it negligently failed to monitor and repair.  Plaintiffs further allege that the city of Laurel was negligent in failing to equip the crosswalk with warning devices.  The city has now moved for summary judgment.

## II.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Instead, when the movant shows the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).  A simple plea for a jury trial on the bare assertion that there are genuine issues of material fact is not a sufficient response to a motion for summary judgment.  *F.D.I.C. v. Brewer*, 823 F. Supp. 1341, 1347 (S.D. Miss. 1993) (citing *Washington v. Armstrong World Indus., Inc.*, 839 F.3d 1121, 1122–23 (5th Cir. 1988)).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

**III.    Analysis**

The remand motion in this tragic case raises but one issue for the Court–whether the city of Laurel had a duty to maintain the pedestrian crosswalk.  The facts in this regard are not in dispute, and the case boils down to a question of Mississippi law.  "In order to prove 'liability on the part of an owner or occupant of premises for injuries resulting from the condition of the premises,' a plaintiff must, as a preliminary matter, show that the defendant had occupation or possession and control.'"  *Brookhaven Funeral Home, Inc. v. Hill*, 820 So. 2d 3, 6 (Miss. Ct. App. 2002) (quoting *Wilson v. Allday*, 487 So. 2d 793, 796 (Miss. 1986), *overruled in part by Mayfield v. Hairbender*, 903 So. 2d 733 (Miss. 2005)); *see also Cook v. Payless Shoesource, Inc.*, No. 5:05cv19, 2006 WL 1328895, at *2 (S.D. Miss. May 12, 2006) ("It is therefore incumbent on the plaintiff to show either that negligent conduct on the part of [defendant] caused a dangerous condition on the sidewalk to arise, or that [defendant] had occupation or possession and control of the sidewalk in question.").

In this case, it is undisputed that the city of Laurel entered into an agreement ("Agreement") with the Alabama Great Southern Railroad Company whereby the railroad and the Mississippi Department of Transportation ("MDOT") assumed exclusive control for the construction and maintenance of the pedestrian crossing on Ash Street in Laurel, Mississippi.

Paragraph 3 of the Agreement states that "[o]n or before the closing of the Ash Street grade crossing to vehicular traffic, Railway shall construct and maintain a pedestrian crossing open to the public." Paragraph 8 of the Agreement states that the "Railway and MDOT will share the costs of all improvements. . . ."

Also undisputed is the fact that the city adopted Ordinance No. 1377-2000 to carry out its Agreement. Section 3 of the ordinance states:

> That the hereinafter described portion of Ash Street currently being used as a grade crossing which runs across the tracks belonging to the Railroad be, and the same is hereby vacated and closed as a public easement. . . . [T]he Railroad agrees to construct and maintain a crossing for pedestrians at this site which will be open for use on or before the date this crossing (Ash Street) is closed to vehicular traffic.

Plaintiffs first claim that despite the Agreement and the ordinance, the city's control over the crosswalk was demonstrated by the fact that the city repaired the crosswalk within forty-eight hours of the accident. However, this argument is not supported by any record evidence. Although the evidence suggests that repairs occurred, there is no evidence indicating who performed the repairs. Accordingly, Plaintiffs have failed to create a question of fact in this regard. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (nonmoving party cannot satisfy summary judgment burden with conclusory statements, speculation, and unsubstantiated assertions).

Plaintiffs next contend that the city had a non-delegable duty to maintain the crosswalk. As Plaintiffs observe, "a municipality has a non-delegable duty to exercise ordinary care to keep and maintain its sidewalks and other public ways in a reasonably safe condition for the use of persons exercising ordinary care and caution." *Howard v. City of Biloxi*, 943 So. 2d 751, 753

(Miss. Ct. App. 2006).  This duty is well established.  *See, e.g., Bell v. City of Bay St. Louis*, 467 So. 2d 657, 659 (Miss. 1985); *City of Laurel v. Upton*, 175 So. 2d 621, 626 (Miss. 1965); *Bond v. City of Long Beach*, 908 So. 2d 879, 881 (Miss. Ct. App. 2005); *Brookhaven Funeral Home, Inc.*, 820 So. 2d 6.  Significantly, however, there are no Mississippi cases finding a non-delegable duty on the part of a municipality to maintain a railroad crossing.

The Court finds that this case is more analogous to *Bowman v. CSX Transportation, Inc.*, a case with strikingly similar facts.  931 So. 2d 644 (Miss. Ct. App. 2006) (Southwick, J.). There, the plaintiff's truck became stuck in a "pothole" in a railroad crossing, and she was hit by an approaching train.  Plaintiff sued the city of Pascagoula, claiming that its negligent failure to maintain the road caused the "pothole."  *Id*. at 648.  The trial court dismissed the city of Pascagoula as a matter of law, finding no duty to maintain that section of the road that crossed the tracks.  *Id*. at 650.  In affirming dismissal, the court of appeals noted that Miss. Code Ann. § 65-1-175 (placing railroad crossings under the exclusive jurisdiction of MDOT) and § 77-9-251 (taxing railroad with cost incurred in construction of crossings) form "a consistent pattern with other authority that it is the railroad that maintains the crossing and not the city."  *Id.* at 652. Ultimately, the court held, "We interpret these statutes to require the Department of Transportation to oversee that railroads properly maintain the streets that cross their tracks.  The city would not have a duty to maintain the crossing."  *Id*.

This is a pure question of law, and one for which this Court must make an *Erie*-guess. Unlike *Bowman*, this case deals with a crosswalk rather than a road.  Accordingly, the statutes that influenced *Bowman* are slightly less relevant regarding the maintenance claim.  Section 65-1-175(3) is, however, more directly relevant to Plaintiffs' claim that the city negligently failed to

provide warning devices because that section states that MDOT "shall have power . . . to require the installation of adequate and appropriate luminous reflective warning signs, luminous flashing signals, crossing gates illuminated at night, or other warning devices in order to promote the health and safety of the public."  In either case, the statutes and analysis in *Bowman* lead this Court to conclude that the maintenance of reasonably safe railroad crossings falls beyond the typical array of non-delegable duties previously imposed by Mississippi courts.  Simply put, railroad crossings are treated differently than sidewalks and other streets.  *Compare Upton*, 175 So. 2d 626 (holding that municipality had non-delegable duty to maintain roads) *with Bowman*, 931 So. 2d at 652 (finding no duty for city to maintain public road on railroad crossing).

Having found that the city did not have a non-delegable duty to maintain the crosswalk, the Court further finds that the Agreement and coterminous ordinance establish that the city did not occupy or possess and control the Ash Street crosswalk.  *See Brookhaven Funeral Home, Inc.*, 820 So. 2d at 6.  Absent a legal duty, Plaintiffs' claims against the City must be dismissed.

IT IS, THEREFORE, ORDERED that the motion for summary judgment of Defendant the city of Laurel, Mississippi, is granted.

**SO ORDERED AND ADJUDGED** this the 2[th] day of November, 2007.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE